| | |
|---|---|
| JULIA B. GREER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 10] and the Defendant's Motion for Judgment on the Pleadings. [Doc. 12].

**I.    PROCEDURAL HISTORY**

The Plaintiff Julia Greer filed an application for a period of disability and disability insurance benefits on July 17, 2007 alleging that she had become disabled as of April 2, 2003. [Transcript ("T.") 43]. The Plaintiff's application was denied initially and on reconsideration. [T. 25-28, 30-33]. A hearing was held before Administrative Law Judge ("ALJ") Joseph E. Brezina on January 14, 2009. [T. 304-19]. At the hearing the alleged date of onset was amended to March 17, 2004. [T.15]. On May 22, 2009, the ALJ issued a decision

denying the Plaintiff benefits. [T. 13-20]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 4-8]. The Plaintiff has exhausted her available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986)

(quoting Perales, 402 U.S. at 401, 91 S.Ct. at 1427).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. THE SEQUENTIAL EVALUATION PROCESS

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does not show any impairment or combination thereof which significantly limits the claimant's physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled. Id. Third, if the impairment meets or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education or work experience.

3

Id. Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. Id. Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's RFC, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. Id.

## IV. THE ALJ'S DECISION

On May 22, 2009, the ALJ issued a decision denying the Plaintiff benefits. [T. 13-20]. Proceeding to the sequential evaluation, the ALJ found that the Plaintiff's date last insured was December 31, 2004 and that she had not engaged in any substantial gainful activity since March 17, 2004, the amended date of onset. [T. 15]. The ALJ then determined the following severe impairments: past medical history for bilateral knee replacements, paresthesias (sic) of the lower legs, thighs, lower abdomen and groin; disorders of the spine; hypertension and obesity. [T. 15]. The ALJ concluded that her impairments did not meet or equal a listing. [T. 15]. He then determined that Plaintiff retained the residual functional capacity (RFC) to perform a reduced range of light work. [T. 16]. He found that Plaintiff was

4

able to perform her past relevant work as a sample cutter/controller and leasing agent. [T. 19]. Accordingly, he concluded that the Plaintiff was not disabled from "April 2, 2003, the amended onset date"[1] through her date last insured. [T. 20].

**V.    DISCUSSION**

Plaintiff asserts that after the ALJ made his finding as to her residual functional capacity (RFC), he erred in comparing that RFC to the requirements necessary to perform Plaintiff's past relevant work.

Plaintiff was 59 years old at the time of her hearing before the ALJ. [T. 304]. She had an Associates degree in applied science and industrial engineering. [T. 308]. She used that degree in her work as a sample cutter controller at Doblin. [T. 309]. She left that job voluntarily to raise a grandchild, but eventually returned to work as a leasing agent. [T. 309-10]. She developed painful knee, leg and foot conditions that limited her sleeping, sitting and walking. These worsened, ultimately causing her to stop working. [T. 15, 309-11]. However, she took no medication for those conditions during the time she was employed. [T. 312-13].

---

[1] April 2, 2003 was her originally stated onset date and March 17, 2004 was the actual amended date.

5

Plaintiff does not dispute the ALJ's finding regarding her RFC, which was as follows:

> [T]hrough the claimant's date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she could have lifted/carried 10 pounds frequently and 20 pounds occasionally (from very little, up to 1/3 of an 8-hour workday); she could have stood and/or walked (with normal breaks) for a total of 6 hours in an 8-hour workday; she could have sat (with normal breaks) for a total of 6 hours in an 8-hour workday; she could have performed pushing and pulling motions with her upper and lower extremities within the aforementioned weight restrictions; she could have performed activities requiring bilateral manual dexterity for both gross and fine manipulation with reaching and handling; she retained the ability to perform each of the following postural activities occasionally: climbing (ramps/stairs), balancing, stooping, kneeling, crouching, or crawling; she should have avoided climbing ropes, ladders and scaffolds; and she retained the mental capacity to perform semi-skilled work activity on a sustained basis.

[T. 16].

The record demonstrates that Plaintiff's past relevant work included jobs as a leasing agent and a sample cutter/controller. [T. 76, 309-11, 312-13, 315-17]. She testified about the demands of both jobs. [Id.]. Notably, she stated that the position as leasing agent required "half standing, half sitting" [T. 311], and required climbing stairs to show and inspect apartments. Such requirements fit the regulatory definition of light work, for which the sitting and

6

standing demands should not exceed six out of eight hours. See SSR 83-14 at *4. Based on this description, however, Plaintiff characterized this as "extremely physical" work. [T. 315]. The ALJ challenged this characterization, noting that it was "very unusual" for a leasing agent job, as performed, to involve medium or heavy exertional demands, and that the Dictionary of Occupational Titles (DOT) identified it as having light exertional demands. Plaintiff did not challenge this at the hearing. [Id.].

The ALJ found that Plaintiff's past work was light in exertion and semi-skilled. [T. 20]. In making this finding the ALJ rejected Plaintiff's assertion that her leasing agent job was "extremely physical." Moreover, the Plaintiff's description of the specific exertional demands of this job were more consistent with light work. The ALJ found Plaintiff's characterization not to be credible. In fact, the ALJ made a general finding that the Plaintiff was less than fully credible, and Plaintiff does not challenge this. [T. 19]. With this support in the record, the ALJ's assessment of her past work as light and semi-skilled was supported by substantial evidence.

Plaintiff next argues that the ALJ erred in the manner in which he compared the Plaintiff's RFC to her prior work. She asserts that the ALJ failed to follow the requirements of SSR 82-62, which dictates that the decision must contain among its findings, "[a] finding of fact as to the physical and mental

7

demands of the past job/occupation." Id. at *4. The ALJ, however, followed an alternative permitted under SSR 82-61, which reads:

> [A] claimant will be found not disabled when it is determined that he or she retains the residual functional capacity to perform the actual functional demands and job duties of a particular past relevant job *or* the functional demands and job duties of the occupation as generally required by employers throughout the national economy. . .

[T. 19-20] (emphasis added). The ALJ's decision is consistent with the second approach set out in that provision. Particularly, SSR 82-61 provides instruction for evaluating past relevant work against RFC under this alternate approach:

> 3. Whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy. (The Dictionary of Occupational Titles (DOT) descriptions can be relied upon – for jobs that are listed in the DOT – to define the job as it is usually performed in the national economy) . . . . A former job performed by the claimant may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy. ***Under this test, if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be "not disabled."***

SSR 82-61 at *1-2 (emphasis added).

8

The ALJ's colloquy with Plaintiff's attorney at the hearing, read together with his RFC and classification of her past relevant work, demonstrate that he permissibly compared Plaintiff's RFC with the demands listed for leasing agent jobs as set out in the DOT. Particularly, he rationally related these demands to a conclusion that Plaintiff could perform the job as it is actually performed in the national economy. Indeed, the record demonstrates that the ALJ noted when he was questioning Plaintiff that the DOT defined the exertional demands of the leasing agent as light work. [T. 355]. Review of the DOT confirms that it defines a "Leasing Agent, Residence" job, with DOT number 250.357-014, as requiring the ability to meet the exertional demands of light work.

In summary, the ALJ employed a method of comparing the Plaintiff's RFC to her prior work that is permitted by SSR 82-61. He adopted the DOT's list of work functions required for the leasing agent job. Clearly, Plaintiff's unchallenged RFC is sufficient to allow her to perform those work functions. Therefore, the decision of the ALJ is supported by substantial evidence. Accordingly, the ALJ's failure to follow the alternate method under SSR 82-62 is irrelevant and had no prejudicial effect. See Fischer-Ross v. Barnhart, 431 F.3d 729 (10th Cir. 2005); Warner v. Barnhart, Civil No. 1:04CV00714, slip op.

at 12 (M.D.N.C. Sep. 16, 2005). For these reasons, this assignment of error is overruled.

**VII. CONCLUSION**

For the foregoing reasons, the Court concludes that the ALJ applied the correct legal standards, and that there is substantial evidence to support the ALJ's finding of no disability through the date of his decision.

**O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Judgment on the Pleadings [Doc. 12] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 10] is **DENIED**.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: November 15, 2011

Martin Reidinger
United States District Judge